## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 15-5192

———————————————

KURT MADSEN,                                         Appellant,

v.

WILLIAM SMITH,                                      Appellee.

## MOTION TO DISMISS
## FOR LACK OF A CERTIFICATE OF APPEALABILITY

This is an appeal from the denial of appellant Madsen's petition for a writ of habeas corpus. In his petition, Madsen challenged the legality of a fugitive charge lodged in the Superior Court of the District of Columbia, as well as the legality of his conviction in the State of Washington. The district court has declined to issue a Certificate of Appealability ("COA"). Because Madsen cannot demonstrate that he is entitled to a COA, this Court too should decline to issue one and dismiss this appeal.

### PROCEDURAL HISTORY

On July 23, 2012, Madsen was sentenced in King County Superior Court, Seattle, Washington, for second-degree felony assault to 18

months' imprisonment, followed by a period of supervised release (Attachment 1 at 1).[1] On July 30, 2014, Madsen was arrested in the District of Columbia and charged in the Superior Court of the District of Columbia as a fugitive emanating from a warrant issued by the State of Washington (*id.* at 1). The Superior Court fugitive charge was dismissed on August 27, 2014, and Madsen was released from custody (*id.* at 2).

On September 15, 2014, Madsen was arrested and again charged as a fugitive in the Superior Court of the District of Columbia (Attachment 1 at 2). Madsen waived his right to an extradition hearing, and the trial court ordered that Madsen be held without bond pending his being picked up by the State of Washington (*id.*). Madsen was picked up on September 29, 2014 (*id.*). On December 2, 2014, the United States Attorney for the District of Columbia was advised by Madsen's supervision officer in Seattle, Washington, that Madsen had

[1] Attachment 1 is the Government's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus, filed in the district court in case No. 14-01716 (RMC). This motion contains, as attachments, records showing that Madsen is no longer in the custody of the District of Columbia and had been extradited to the State of Washington.

been release from custody to supervision, and the supervision officer provided the United States Attorney with Madsen's current address (*id.*).

## The Petition for a Writ of Habeas Corpus

On August 25, 2014, Madsen mailed his petition to the United States District Court for the District of Columbia, and it was filed on October 10, 2014. In his petition, Madsen challenged the legality of the fugitive charge lodged in the Superior Court, in addition to the legality of his conviction in the State of Washington (D.E. 1 at 5).[2]

On December 10, 2014, the government moved to dismiss the petition (Attachment 1). The government stated that Madsen's challenge to his detention as a fugitive from the States of Washington was moot because Madsen had waived his right to an extradition hearing, at which he could have challenged the legality of the State of Washington's warrant. The government also noted that because Madsen's objective was to obtain his release from custody in the District of Columbia, his release from custody in the State of Washington, and

---

[2] "D.E." refers to docket entries in case No. 14-CV-1716 (RMC).

reinstatement to supervision, his petition was moot, as Madsen had been released from physical custody by both the District of Columbia and the State of Washington, and was currently on supervised release in the State of Washington (*id.* at 2, 4).

Finally, the government maintained that, in any event, Madsen's challenge to the legality of his conviction in the State of Washington should be construed pursuant to 28 U.S.C. § 2254 and either dismissed for lack of jurisdiction or transferred to the U.S. District Court for the Western District of Washington, the district in which Madsen was convicted (Attachment 1 at 5).

On January 5, 2015, the Honorable Rosemary M. Collyer provided Madsen with an opportunity to respond to the government's motion to dismiss, and ordered that his response was due by February 6, 2015 (Attachment 1). Judge Collyer stated that if Madsen did not reply by that date, the court would treat the government's assertions as conceded, and might summarily deny the petition and dismiss the case (*id.* at 1). Madsen did not file a response.

On February 20, 2015, Judge Collyer granted the government's motion to dismiss the petition as conceded, denied the petition, and dismissed the case without prejudice (Attachments 2 and 3).

In late March 2015, Madsen filed a "Motion for Reconsideration and Withdrawal [sic] of Dismissal, Request for Service of USA, and Change of Address" (D.E. 12). On May 7, 2015, Judge Collyer denied the motion and stated that the court "treated [Madsen's] motion as one to alter to amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure[3] and to reopen th[e] case" (Attachment 4 at 1-2). Because Madsen's "motion merely recount[ed his] arrest, detention at the D.C. Jail, extradition to the States of Washington, and proceedings in the Washington State courts[,]" Judge Collyer held that "[n]one of these circumstances" warranted relief under Rule 59(e) (*id.* at 2).

Further, Judge Collyer stated, "[i]nsofar as [Madsen] brings his habeas actions under 28 U.S.C. § 2241, he may not proceed" in the

---

[3] "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" (D.E. 14, quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

District Court for the District of Columbia, because a " 'district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction' " (Attachment 4 at 2, quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)), "and neither [Madsen] nor his current custodian is located in the District of Columbia" (*id.*). Because Madsen had "been returned to the State of Washington, any matter pertaining to his custody in the District of Columbia [was] moot" (*id.*).

On June 30, 2015, Madsen noted a timely appeal of the denial of his petition for a writ of habeas corpus (D.E. 15), and on July 10, 2015, this Court held the appeal in abeyance pending determination by the district court whether a COA was warranted. On July 16, 2015, Judge Collyer concluded that a COA was not warranted (Attachment 5).

## DISCUSSION

The denial of a habeas petition cannot be appealed unless the district court or this Court has issued a COA. *Head v. Wilson*, 792 F.3d 102, 108 n.6 (D.C. Cir. 2015). To obtain a COA, the petitioner "must make 'a substantial showing of the denial of a constitutional right.' 28

U.S.C. § 2253(c)(2). The showing requires a petitioner to demonstrate that 'jurists of reason would find it debatable whether the applicant states a valid claim of the denial of a constitutional right.' " *Id.,* quoting *United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014) (brackets omitted). "If a district court denies relief . . . on procedural grounds without reaching the merits of the claim . . . the applicant must additionally show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quotation marks omitted). "The court of appeals has no jurisdiction unless and until a court grants a COA." *Id.* To the extent that this Court construes Madsen's notice of appeal as a request for a COA, *see* Fed. R. App. P. 22(b)(2), none should now issue. Madsen cannot make a substantial showing of the denial of a constitutional right

The district court has declined to grant a COA. Its decision to deny Madsen's petition is well-founded because Madsen's challenge to the legality of the fugitive charge lodged in the Superior Court is moot now that he had been released, in addition to his waiver of his right to

an extradition hearing.[4]  Further, when the district court provided Madsen with an opportunity to respond to the government's motion to dismiss his petition, Madsen did not respond. After the court granted the government's motion to dismiss "as conceded," and denied Madsen's petition (Attachment 3). On March 27, 2015, Madsen filed a Motion for Reconsideration, but in that motion, Madsen "merely recounted [his] arrest, detention at the D.C. jail, extradition to the State of Washington, and proceedings in the Washington courts" (Attachment 5 at 2). Although Madsen contended that the district court had jurisdiction stemming from his transfer to custody of the State of Washington on September 29, 2014, he makes no argument in support of this contention beyond stating that "teamsters union officers . . . disguised themselves as [U.S. Marshals] and [brought] him back to *corrupt King County*" (D.E. 12 at 10; emphasis in original).

Madsen cannot make any showing that the district court erred when it denied his petition. In the petition, Madsen challenged the

---

[4] Further, Madsen technically "filed" his habeas petition on August 25, 2014, pursuant to the prison mailbox rule, and he was released from the challenged District of Columbia custody two days later on August 27.

legality of a fugitive charge lodged in the Superior Court of the District of Columbia, as well as the legality of his conviction in the State of Washington. As noted, *supra*: (1) the claim was moot; (2) the claim was waived; and (3) the fugitive charge has been resolved, and Madsen has been released from custody of both the District of Columbia and the State of Washington. Further, as the government also stated, the district court does not have jurisdiction to consider any claims Madsen might have against the State of Washington.[5] Therefore, the district court properly denied his petition, and Madsen cannot show that he has been denied a constitutional right, much less that jurists of reason could debate that he was denied such a right.

---

[5] Alternatively, as Judge Collyer pointed out, if Madsen's petition were to be construed as a viable petition under 28 U.S.C. § 2254, the proper forum for Madsen's claim is the United States District Court for the Western District of Washington (Attachment 5 at 1-2).

## Conclusion

WHEREFORE, the government respectfully requests that the Court decline to issue a COA and dismiss this appeal.

Respectfully submitted,

VINCENT H. COHEN, JR.
Acting United States Attorney

ELIZABETH TROSMAN
Assistant United States Attorney

_____ /s/ _____
SUZANNE GREALY CURT
D.C. Bar #349654
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2015, I have caused a

copy of the foregoing Motion to Dismiss to be sent by first-class mail to:

Kurt Madsen
24608 116th Avenue, SE
Kent, WA  98030


_____/s/_____

SUZANNE GREALY CURT
Assistant United States Attorney

**ATTACHMENT 1**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KURT MADSEN,** | : | |
| **Petitioner** | : | **Civil Action No. 14-01716 (RMC)** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM SMITH,** | : | |
| **Respondent.** | : | |

## UNITED STATES' MOTION TO DISMISS PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files its motion to dismiss the petitioner's pro se petition for a writ of habeas corpus.  In support of his petition, the petitioner challenges the legality of a fugitive charge lodged in the Superior Court of the District of Columbia, as well as the legality of his conviction in the State of Washington.  Because the petitioner's fugitive charge has been resolved and he has been ultimately released from custody, and because his challenge to the legality of his Washington State conviction is vague and conclusory and fails to demonstrate a valid claim for relief, his petition for a writ of habeas corpus should be dismissed.

## BRIEF PROCEDURAL HISTORY

On July 23, 2012, the petitioner, Kurt Madsen, was sentenced in King County Superior Court, Seattle, Washington for second-degree felony assault to 18 months' imprisonment, followed by a period of supervision.  See Exhibit A at p. 2 (Report of Alleged Violation).  On July 30, 2014, the petitioner was arrested in the District of Columbia and charged in the Superior Court of the District of Columbia as a fugitive emanating from a warrant issue by the State of Washington.  See Exhibit B (Docket Entries for Superior Court Case No. 2014-FUG-013314); Exhibit C (Complaint and Affidavit in Support of Arrest Warrant) and Exhibit D at p. 5 (D.C.

Department of Corrections Inmate Record).  This fugitive charge was dismissed on August 27,

2014, and the petitioner was released from custody.  See Exhibit B, Exhibit D at p. 5 and Exhibit

E (Release Order).

On September 15, 2014, the petitioner was arrested and again charged as a fugitive in the

Superior Court of the District of Columbia.  See Exhibit D at p.1, Exhibit F at p. 2 (Docket

Entries for Superior Court Case No. 2014-FUG-016322) and Exhibit G (Complaint and Affidavit

in Support of An Arrest Warrant).  The petitioner waived his right to an extradition hearing, and

the trial court ordered that the petitioner be held without bond pending being picked up by the

demanding jurisdiction--the State of Washington.  See Exhibit F at p. 1 and Exhibit H (Order for

Return of Fugitive Upon Waiver).  The petitioner was picked up by the demanding authority on

September 29, 2014.  See Exhibit D at p. 1 and Exhibit F at p. 1.  On December 2, 2014, the

undersigned was advised by the petitioner's supervision officer in Seattle, Washington that the

petitioner had been released from custody to supervision, and the supervision officer provided

undersigned counsel with the petitioner's current address.[1]

The petitioner mailed the instant petition on August 25, 2014, and it was filed on October

10, 2014.[2]

---

[1]      The petitioner did not update the Court with his current address after being released from
custody.

[2]      Although the petitioner's petition was not docketed until October 10, 2014, his petition is
dated August 25, 2014, which government will utilize as the filing date.  See Houston v. Lack,
487 U.S. 266, 276 (1988) (holding that a notice of appeal is timely filed if an inmate deposits the
notice in the prison mail system before the expiration of the filing deadline); Stoot v. Cain, 570
F.3d 669, 671 (5th Cir. 2009) ("Under the prison mailbox rule, a prisoner's pleading is deemed
to have been filed on the date that the pro se prisoner submits the pleading to prison authorities
for mailing"); United States v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006) (applying the
"prison mailbox" rule in the § 2255 context); Washington v. United States, 243 F.3d 1299, 1301
(11th Cir. 2001) (applying the "prison mailbox" rule in the § 2255 context and holding that
"[a]bsent evidence to the contrary. . ., we will assume that [the petitioner's] motion was
delivered to the prison authorities the day he signed it. . .."); United States v. Hanson, 2006 WL

## ARGUMENT

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).[3]  In his petition, the petitioner challenges the legality of a fugitive charge lodged in the Superior Court of the District of Columbia, as well as the legality of his conviction in the State of Washington.  Because the petitioner's fugitive charge has been resolved and he has been subsequently released from custody, and because his challenge to the legality of his Washington State conviction is vague and conclusory and fails to demonstrate a valid claim for relief, his petition for a writ of habeas corpus should be dismissed.

## I.   PETITIONER'S CHALLENGE TO THE FUGITIVE CHARGE IS MOOT

The petitioner's challenge to his detention as a fugitive from the State of Washington is moot because the petitioner waived his right to an extradition hearing (at which he could have challenged the legality of the State of Washington's warrant), was picked up by authorities from the State of Washington, and ultimately released from custody in the State of Washington.

---

1071479, *1 n. 1 (D.D.C. 2006) ("An incarcerated pro se petitioner is deemed to have filed a court document on the date the petitioner delivered the document to the prison officials for mailing.").

[3]      Since the mailing of his petition on August 25, 2014, the petitioner was transferred to a correctional facility in the State of Washington, and ultimately released from custody.  See Exhibit D.  However, at the time the petitioner mailed his petition, he was an inmate at the D.C. Central Detention Facility, where his custodian was Warden William Smith.  Warden Smith is within this Court's jurisdiction, and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer and release.  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004).

Under Article III of the U.S. Constitution, a federal court only has the power to resolve

"cases" or "controversies" between litigants.  Isenbarger v. Farmer, 463 F. Supp.2d 13, 19

(D.D.C. 2006).  As the Court recounted in Isenbarger:

> A case is considered moot either "when the issues presented are no longer 'live' or
> the parties lack a legally cognizable interest in the outcome." Powell v.
> McCormack, 395 U.S. 486, 496, 89 S.Ct.1944, 23 L.Ed.2d 491 (1969); see also
> Pharmachemie B.V. v. Barr Labs., 276 F.3d 627, 631 (D.C. Cir. 2002) (a case is
> moot if events have so transpired that the decision will neither presently affect the
> parties' rights nor have a more-than-speculative chance of affecting them in the
> future").  As the Supreme Court has put it "mootness deprives us of the power to
> act; there is nothing for us to remedy, even if we were disposed to do so." Spencer
> v Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Id. at p. 22.  Counsel have a duty to advise the Court "without delay" of facts that raise the

possibility that a case has become moot.  Arizonans for Official English v. Arizona, 520 U.S. 43,

68, n. 23 (1997).  The petitioner's release from custody and reinstatement to supervision

constitute facts that cause the petitioner's habeas claim to be moot.

Because the petitioner's ultimate objective was to obtain his release, his release from

custody and reinstatement to supervision have made his petition moot.  See, e.g., Qassim v.

Bush, 466 F.3d 1073, 1076 (D.C. Cir. 2006) (release of the petitioners mooted habeas claim

challenging detention at Guantanamo Bay Naval facility); Abdussamadi v. Harris, 2003 WL

880993, *1 (D.C. Cir. 2003) (writ of mandamus challenging Commission's parole eligibility date

moot when petitioner released on parole); In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997)

("request for habeas corpus relief is moot as a result of [petitioner's] release from prison");

Morrison v. U.S. Parole Comm'n, 2014 WL 4678566, *3 (D.D.C. Sept. 18, 2014) (petitioner's

challenge to the detainer moot because of his release from custody); Morton v. U.S. Parole

Comm'n, 2006 WL 314559, *2 (D.D.C. 2006) (petitioner's challenge to presumptive parole date

moot because of petitioner's parole); Kimberlin V. U.S. Parole Comm'n, 2004 WL 885215, *1

(D.D.C. 2004) (habeas petition challenging Commission's decision to revoke parole and delay re-parole moot because petitioner had been re-paroled); Walker v. Henderson, 912 F. Supp. 2d 72, 75 (D.D.C. 1996) (no longer a case or controversy to litigate when prisoner has achieved objective of petition); see also Burnett v. Lampert, 432 F.3d 996, 1000 (9th Cir. 2005) (habeas petition challenging the deferral of parole date by 3 years moot due to petitioner's release on parole); Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1987) (habeas petition challenging parole date by seeking restoration of good-time credits mooted by petitioner's release on parole); Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987) (same); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (ex post facto challenge to new law imposing additional periods of incarceration for parole violators moot upon release from prison).

Accordingly, because the petitioner has been released from custody and reinstated to supervision, the United States respectfully requests that the petitioner's habeas claim challenging the validity of the fugitive charge based on the State of Washington's warrant be dismissed as moot.

## II.   PETITIONER'S CHALLENGE TO LEGALITY OF HIS STATE CONVICTION SHOULD BE DISMISSED OR TRANSFERRED

Although not a model of clarity, the petitioner also appears to be challenging the legality of his conviction in the State of Washington.  This claim should be construed pursuant to 28 U.S.C. § 2254 and either dismissed or transferred to the U.S. District Court for the Western District of Washington, the district in which the petitioner was convicted.[4]

Because the petitioner fails to articulate a colorable legal theory entitling him to relief and does not provide sufficient factual information or legal authority to support his claims, the

---

[4]     The petitioner has filed other pleadings in U.S. District Court for the Western District of Washington in connection with this state conviction.  See Madsen v. State of Washington, Civil Action No. 13-01940 (TMZ).

petitioner's challenge to the lawfulness of his Washington State conviction should be dismissed

for failure to state a claim and as vague and conclusory.  See Fed. R. Civil Pro. R 12(b)(6)

(allows dismissal of a complaint for failure "to state a claim upon which relief can be granted");

Jones v. Holt, 893 F. Supp. 2d 185 (D.D.C  2012) (granting government's motion to dismiss §

2254 petition for failure to state a claim); Banks v. Gonzales, 496 F. Supp. 2d 146, 149 (D.D.C.

2007) ("[e]ven under liberal notice pleading standards, a complaint may be dismissed if it does

not articulate a . . . legal basis for relief") (dismissing pro se § 2254 petition); cf. United States v.

Pollard, 959 F.2d 1011, 1031 (D.C. Cir.) (summary denial of § 2255 claims permitted if the

claims are "vague, conclusory, or palpably incredible"), cert. denied, 506 U.S. 915 (1992);

Salcedo v. Rossotti, 636 F. Supp. 2d 35, 41 (D.D.C. 2009) (dismissing § 1983 complaint for

failure to state a claim upon which relief could be granted).

        In the alternative, this claim should be transferred to the U.S. District Court for the

Western District of Washington, the district in which the petitioner was convicted.  See 28

U.S.C. §§ 1404(a), -2254.  The petitioner's challenge to the legality of his Washington State

conviction should not be adjudicated in this Court.  The petitioner was not convicted in this

Court or in this jurisdiction; he is no longer incarcerated here; and the witnesses and documents

relating to this claim are not located in the District of Columbia.

        "For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a).  "This provision 'is intended to place discretion in the district court to

adjudicate motions to transfer according to an individualized case-by-case consideration of

convenience and fairness.'"  Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20 (D.D.C.

2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (second set of

6

quotation marks omitted); <u>see also</u> <u>Rogers v. Federal Bureau of Prisons</u>, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (same).

In deciding whether to grant a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court should examine a number of factors including the petitioner's location, the location of the witnesses and files, the petitioner's ability to confer with counsel, the speed of final resolution, and the interests of justice. <u>Starnes v. McGuire</u>, 512 F.2d 918, 929-32 (D.C. Cir. 1974); <u>see also</u> <u>Nichols v. United States Bureau of Prisons</u>, 895 F. Supp. 6, 8 (D.D.C. 1995). Consideration of these factors counsels in favor of transfer of this claim to the U.S. District Court for the Western District of Washington. The petitioner currently resides in that district; the crimes were committed in that district; the petitioner was tried and sentenced in that district; and the court records and witnesses also are in that district.

Thus, if the Court does not dismiss this claim as being vague and conclusory, the Court should transfer this portion of the petition to the U.S. District Court for the Western District of Washington. <u>See</u> <u>Zakiya v. United States</u>, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("[a]lthough the plaintiffs' choice of forum must be given deference, this deference is greatly diminished when the activities have little, if any, connection with the chosen forum"); <u>cf.</u> <u>Joyner</u>, 267 F. Supp. 2d at 20-21 ("In cases in which the plaintiff's claims will require testimony or files that are most easily obtained at or near the place of incarceration, 'the district in which the institution is located will ordinarily be the more convenient forum.'"); <u>Dominguez v. Bureau of Prisons</u>, 2006 WL 1445041, *4 (D.D.C. 2006) (transfer to place of petitioner's incarceration warranted when events and witnesses are located at the institution and the implementation of BOP policy took place at

the institution); <u>see also</u> <u>Holder v. Curley</u>, 749 F. Supp. 2d 644, 646-47 (E.D. Mich. 2010) (citing

cases in which § 2254 petitions were transferred to the jurisdiction of conviction).[5]

## **<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons, the United States respectfully requests that the

petitioner's habeas petition be dismissed in its entirety, or in the alternative, his claim

challenging the legality of his Washington State conviction be transferred to the U.S. District

Court for the Western District of Washington.

A proposed Order is attached.

Respectfully submitted,


RONALD C. MACHEN JR.
United States Attorney
D.C. Bar Number 447-889


  /s/Leslie Ann Gerardo
LESLIE ANN GERARDO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 419-823


   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7561

---

[5]     If the Court decides to transfer this claim, the petitioner should be given notice of the
proposed action and an opportunity to be heard on the issue.  <u>See</u> <u>Chatman-Bey v. Thornburgh</u>,
864 F.2d 804, 814 (D.C. Cir. 1988) (<u>en</u> <u>banc</u>) (prior to transfer, the court should provide a habeas
petitioner "with notice of the District Court's anticipated action and an opportunity to set forth
reasons why the case can (and should) properly be heard in this jurisdiction").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Motion has been filed electronically with the Court and served by first-class mail on the petitioner, Kurt Madsen, c/o, Bread of Life Mission, 97 South Main Street, Seattle Washington, 98104, this 10th day of December, 2014.

    /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KURT MADSEN,** | **:** | |
| **Petitioner** | **:** | **Civil Action No. 14-01716 (RMC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **WILLIAM SMITH,** | **:** | |
| **Respondent.** | **:** | |

## ORDER

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus and the

United States' Motion To Dismiss, and for the reasons set forth in the United States' Motion To

Dismiss, it is hereby

**ORDERED** that the show cause order as to the United States is discharged; and that the

Petitioner's Petition For A Writ Of Habeas Corpus is **DISMISSED**.

**SO ORDERED**, this _____day of _____, 2014.

__/s/_____
ROSEMARY M. COLLYER
U.S. District Court Judge

Copies to:

Kurt Madsen
c/o
Bread of Life Mission
97 South Main Street
Seattle, Washington 98104

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 Fourth Street, N.W.
Washington, D.C. 20530

## EXHIBIT A



**STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS**

### DOC - REPORT OF ALLEGED VIOLATION

| | | |
|---|---|---|
| **REPORT TO:** | DOC Hearing Unit | **DATE:** 06/02/2014 |
| | | **DOC NUMBER:** 964228 |
| **OFFENDER NAME:** | MADSEN, Kurt R. | **FOS NUMBER:** |
| **AKA:** | Madsen, Kurt<br>Madsen, Kurt R<br>Madsen, Kurt Randal<br>Madsen, Kurt Randell<br>Madsen, Kurt Ronal<br>Madsen, Kurt Rondal<br>Madsen, Troy<br>Madsen, Troy R<br>Madsen, Troy Randal<br>Madsen, Troy S | **DOB:** ▆▆▆▆▆ |
| **CRIME:** | Assault 2 - Intentional and causes substantial bodily harm | **COUNTY CAUSE #:** King 11-1-10408-3(AC) (KNT) |
| **SENTENCE:** | 18 months Community Custody Prison | **DATE OF SENTENCE:** 7/23/2012 |
| **LAST KNOWN ADDRESS** | HOMELESS<br>HOMELESS KENT, KENT WASHINGTON<br>Kent, WA 98042 | **TERMINATION DATE:** 5/2/2015 (tolling) |
| **MAILING ADDRESS:** | Unknown | **STATUS:** Field<br>**CLASSIFICATION:** HV |

---

## PREVIOUS ACTION:

DOC 09-228 (Rev. 11/08/13) E-Form
Scan Code VI01

DOC 460.130
DOC REPORT OF ALLEGED VIOLATIONS

## SUPERVISION VIOLATION PROCESSES

| | | |
|---|---|---|
| Level of Response | : | Full Hearing |
| Response Date | : | 10/28/2013 |
| Violation Date | : | 5/28/2013 |
| Violation(s) | : | Failure to Report |
| | | Unapproved Employ/Reside Chge |
| | | |
| Level of Response | : | Swift and Certain Hearing |
| Response Date | : | 12/3/2013 |
| Violation Date | : | 10/31/2013 |
| Violation(s) | : | Abide UA/BA Monitoring |
| | | Failure to Report |
| | | Unapproved Employ/Reside Chge |
| Violation Date | : | 11/19/2013 |
| Violation(s) | : | Other |
| Violation Date | : | 10/31/2013 |
| Violation(s) | : | Other |
| Violation Date | : | 11/19/2013 |
| Violation(s) | : | Fail to Abide by CCO Verbal Directive |

## ALLEGATIONS AND SUPPORTING EVIDENCE:

The above named offender has violated conditions of supervision by:

### Allegation 1:
Failing to report to the Department of Corrections as directed since on or about April 10, 2014.

### Allegation 2:
Failing to be available for urinalysis testing since on or about April 10, 2014.

### Allegation 3:
Failing to provide a valid address since on or about April 10, 2014.

### Allegation 4:
Failing to complete homeless verification sheet as directed on or about April 10, 2014.

### Allegation 5:
Failing to pay toward legal financial obligation since on or about April 10, 2014.

## WITNESS(ES): A Department of Corrections Community Corrections Officer will testify.

### Allegations 1-4 (Combined for brevity and clarity):
On July 23, 2012, Mr. Madsen was sentenced under King County Superior Court cause 11-1-10408-3. Per the Judgment and Sentence, Mr. Madsen was ordered to serve 18 months community custody. On October 21, 2013, Mr. Madsen was served with the Department of Corrections Conditions, Requirements and Instructions Form. Although Mr. Madsen refused to sign the documents, he received copies and was advised that he responsible to abide by the conditions of supervision including reporting to and being available for contact by the Department of Corrections. Additionally, Mr. Madsen was advised of his requirement to be available for urinalysis testing and provide a valid address.

On April 10, 2014, Mr. Madsen reported to the Department of Corrections as directed. Mr.

4 oF 25

Madsen was unable to provide an address in which he planned to reside. Mr. Madsen was given written instructions to complete and homeless verification sheet. Mr. Madsen was directed remain in a shelter each night unless given permission by the Community Corrections Officer. Mr. Madsen was directed to report back to the Department of Corrections on April 14, 2014, at 8:30 am.

According to chronological entries as well as a lack of kiosk sessions and offender reports, Mr. Madsen failed to report to the Department of Corrections as directed. Mr. Madsen was unable to be located at local jails and hospitals and a Secretary's Warrant was issued.

Mr. Madsen was apprehended on June 2, 2014.

**Allegation #5:**
On July 23, 2012, Mr. Madsen was sentenced under King County Superior Court cause 11-1-10408-3. Per the Judgment and Sentence, Mr. Madsen was ordered to serve 18 months community custody. On October 21, 2013, Mr. Madsen was served with the Department of Corrections Conditions, Requirements and Instructions Form. Although Mr. Madsen refused to sign the documents, he received copies and was advised that he responsible to abide by the conditions of supervision including paying legal financial obligations totaling $5,825.21. According to the King County Superior Court Clerk, Mr. Madsen has failed to make a payment toward his legal financial obligations.

**ADJUSTMENT AND SUPERVISION SUMMARY:**
Mr. Madsen is classified as a High Violent offender. Mr. Madsen is either unwilling or unable to abide by the conditions of his supervision at this time. Mr. Madsen remains hostile to supervision which negates the Department's ability to assess his risk to community safety.

**RECOMMENDATION/JUSTIFICATION:**
It is respectfully recommended Mr. Madsen be sanctioned to 30 days jail.

*I certify or declare under penalty of perjury of the laws of the state of Washington that the foregoing statements are true and correct to the best of my knowledge and belief.*

Submitted By:                                          Approved By

_____  03-14          *Kathleen J Johnson* 6-3-14
                         Date                                              Date

Leslie O'Connor                                       Kathleen Johnson
Community Corrections Officer                  Community Corrections Supervisor
Seattle Metro 2
1550 4Th Ave. South, Ms:Tb-12A
Seattle WA 98134
Telephone: (206) 516-7783

LBO / LBO / 3/10/2014

DOC 09-228 (Rev. 11/08/13) E-Form          DOC 460.130
Scan Code VI01                              DOC REPORT OF ALLEGED VIOLATIONS

# **EXHIBIT B**

Saturday November 1st 2014
**Welcome to MyJUSTIS, Berthrong Sherri**

| | | | | PARTIES/SENTENCING | DISPOSITION | DOCKET/DOCUMENTS | | |

| **2014 FUG 013314    United States Vs. MADSEN, KURT** |
|---|
| **SEARCH CRITERIA** |

Docket Entry: [                ] · LOOKUP ·        Begin Date: [                ] (mm/dd/yyyy)

End Date: [                ] (mm/dd/yyyy)

· SEARCH ·  · CLEAR ·

| **SEARCH RESULTS** |
|---|

View all dockets

| Docket Date | Docket Code | Description | Amount Owed | Amount Paid | Docket Images |
|---|---|---|---|---|---|
| 10/24/2014 | APDCRM - Appeal Dismissed | Appeal Dismissed Received 10.24.14 | $0.00 | $0.00 | |
| 08/28/2014 | APFDCRM - Notice of Appeal Filed By Defense | Notice of Appeal Filed By Defense Attorney: PRO SE (999999) | $0.00 | $0.00 | |
| 08/27/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: Government did not have Governor's papers and case dismissed. AUSA Robert Little present for Government. The following event: Extradition Hearing scheduled for 08/27/2014 at 11:00 am has been resulted as follows: Result: Dismissed - Nolle Judge: SATTERFIELD, LEE F Location: Courtroom 315 KURT MADSEN (Defendant (Criminal)); ; Mr DENNIS R BRADDOCK (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge LEE F SATTERFIELD | $0.00 | $0.00 | |
| 08/27/2014 | CDISCRM - Case Disposed - Dismissed | Case Disposed - Dismissed | $0.00 | $0.00 | |
| 08/27/2014 | CDISCRM - Case Disposed - Dismissed | Case Disposed - Dismissed | $0.00 | $0.00 | |
| 08/27/2014 | DSCRM - Charge Disposed - Dismissed | Charge Disposed - Dismissed | $0.00 | $0.00 | |
| 08/27/2014 | RELORDCRM - Release Order Filed | Release Order Filed Release Order - Jail Sent on: 08/27/2014 11:18:26.54 | $0.00 | $0.00 | |
| 07/30/2014 | RELCONCRM - Release Conditions | Release Conditions - $5,000.00 CASH BOND | $0.00 | $0.00 | |
| 07/30/2014 | COMMCRM - Commitment Pending Disposition Filed | Commitment Pending Disposition Filed | $0.00 | $0.00 | |
| 07/30/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: $5,000.00 CASH BOND - COME UP ISSUED The following event: Arraignment scheduled for 07/30/2014 at 1:00 pm has been resulted as follows: defendant did not waive extradition - extradition hearing set for 8/27/14 Result: Hearing Held Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |

< Prev  Next >

JUSTICE INFORMATION SYSTEM FOR THE DISTRICT OF COLUMBIA                    CLICK HERE TO PROVIDE FEEDBACK

Content Provided by:



Email JUSTIS Help Desk or Call JUSTIS Help Desk (202) 442 - 4967.

All information provided is for authorized JUSTIS users only. This information is provided in response to the JUSTIS user's request and is to be used exclusively by the requestor in the performance of their criminal justice responsibilities only. Secondary dissemination is strictly prohibited. Although the information may continue to be valid over a period of time it should be considered complete and accurate only on the date of response.
© 2009 Washington D.C Justice Network. All rights reserved.

Saturday November 1st 2014
**Welcome to MyJUSTIS, Berthrong Sherri**

| | | | | PARTIES/SENTENCING | DISPOSITION | DOCKET/DOCUMENTS | | |

**2014 FUG 013314    United States Vs. MADSEN, KURT**

### SEARCH CRITERIA

| Docket Entry: | [         ]  LOOKUP | Begin Date: | [         ] (mm/dd/yyyy) |
| | | End Date: | [         ] (mm/dd/yyyy) |

SEARCH    CLEAR

### SEARCH RESULTS

View all dockets

| Docket Date | Docket Code | Description | Amount Owed | Amount Paid | Docket Images |
|---|---|---|---|---|---|
| 07/30/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Extradition Hearing Date: 08/27/2014 Time: 11:00 am Judge: SATTERFIELD, LEE F Location: Courtroom 315 | $0.00 | $0.00 | |
| 07/30/2014 | AEACRM - Attorney Appointed/Dismissed | Attorney Pro Bono Attorney BRADDOCK, Mr DENNIS R representing Defendant (Criminal) MADSEN, KURT as of 07/30/2014 KURT MADSEN (Defendant (Criminal)); ; Mr DENNIS R BRADDOCK (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge KAREN HOWZE on behalf of Judge | $0.00 | $0.00 | |
| 07/30/2014 | CJAELICRM - CJA Eligibility | CJA Eligibility - Defendant certified CJA eligible by Judge Howze - NO PAPERWORK | $0.00 | $0.00 | |
| 07/30/2014 | CSFCRM - Charge Filed | Charge Filed Charge #1: Fugitive from Justice | $0.00 | $0.00 | |
| 07/30/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Arraignment Date: 07/30/2014 Time: 1:00 pm Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |

< Prev  Next >

JUSTICE INFORMATION SYSTEM fOR THE DISTRICT OF COLUMBIA

CLICK HERE TO PROVIDE FEEDBACK

Content Provided by:



Email JUSTIS Help Desk or Call JUSTIS Help Desk (202) 442 - 4967.
All information provided is for authorized JUSTIS users only. This information is provided in response to the JUSTIS user's request and is to be used exclusively by the requestor in the performance of their criminal justice responsibilities only. Secondary dissemination is strictly prohibited. Although the information may continue to be valid over a period of time it should be considered complete and accurate only on the date of response.
© 2009 Washington D.C Justice Network. All rights reserved.

# EXHIBIT C

# Superior Court of the District of Columbia

### CRIMINAL DIVISION
### COMPLAINT

No. __L/U#45__

2014 RUG 13334

District of Columbia ss:

The undersigned having made oath before me declared that on the _____30TH_____ day of

__JULY__ _____A.D. **2014** _____ at the District aforesaid, one

__MADSEN, KURT RANDALL__ _____

being then and there a fugitive from the state of **WASHINGTON** and wanted for .........
__ESCAPE SEE MIS- ESC COMMUNITY CUSTOD__

did then and there come into the District of Columbia, in violation of Title 23 Section 701 of the
District of Columbia Code.

Affiant's Name:

Subscribed and sworn to before me this 30TH  day of  __JULY__  A.D. 20 14

_(Judge) (Deputy Clerk)_
**Superior Court of the District of Columbia**

## WARRANT

To The United States Marshal or any other authorized federal officer or the Chief of Police of the District
of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have
been submitted, and there appearing probable cause and reasonable grounds for the issuance of an
arrest warrant for

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID
COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____20--------.

SEX:  **MALE**
DOB:
CCR:
PDID:  **684-152**

Judge _____
**Superior Court of the District of Columbia.**

Charge:  Fugitive From Justice U029

Date of Offense  06/16/2014

OFFICER MUST EXECUTE RETURN:

Officer's Name: _____

__OFC. DEREK PENNINGTON__

Time: _____

__Badge No.: 4243__

Date: _____

Form CD(17)-1057/May 81
Previous editions (W-S) may be used.

81-P7468

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

#45

AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

| | | | | | USW NO.: 2014 FUG 13314 | | |
|---|---|---|---|---|---|---|---|
| **DEFENDANT'S NAME:** | | | | **CCR:** | | **PDID:** 684-152 | |
| **MADSEN, KURT RANDALL** | | | | | | | |
| **SEX:** M | **RACE:** W | **D.O.B.:** | **HEIGHT:** 5'10 | **WEIGHT:** 180 | **EYES:** BLU | **HAIR:** BLN | **COMPLEXION:** LIGHT |
| **DEFENDANT'S HOME ADDRESS:** 11346 WILD BERRY LANE, MOKENA, IL | | | | | **TELEPHONE NUMBER:** | | |
| **DEFENDANT'S BUSINESS ADDRESS:** UNKNOWN | | | | | **TELEPHONE NUMBER:** UNKNOWN | | |
| **COMPLAINANT'S NAME:** METROPOLITAN POLICE DEPARTMENT (FUGITIVE UNIT) | | | | | | | |
| **LOCATION OF OFFENSE:** STATE OF WASHINGTON | | | | **DATE OF OFFENSE:** 06/16/2014 | | **TIME OF OFFENSE:** UNKNOWN | |

GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

The Metropolitan Police Department's Fugitive Unit received an NCIC Hit indicating that the Defendant MADSEN, KURT RANDALL has an outstanding arrest warrant by WASHINGTON DOC HEADQUARTERS. The warrant is charging the Defendant with "ESCAPE SEE MIS- ESC COMMUNITY CUSTOD". The date of the warrant is JUNE 16, 2014. The Defendant is a Fugitive from the State of WASHINGTON.

On JULY 30, 2014, the warrant was confirmed by CRT-1 BAYON of the WASHINGTON DOC HEADQUARTERS. On JULY 30, 2014, the warrant was also verified by Officer Derek Pennington of the Metropolitan Police Department Fugitive Unit, through MPD Teletype Unit Response Confirmation from WASHINGTON DOC HEADQUARTERS, advising that the warrant is active, and the State of WASHINGTON will extradite the Defendant.

A photo identification of the defendant was received from the Metropolitan Police Department's Automated Fingerprint Identification System.

The Defendant was arrested in the District of Columbia on JULY 29, 2014, at 1838 hours. This case will be presented to the USAO for review on JUNE 30, 2014.

TO: WARRANT CLERK

PLEASE ISSUE A WARRANT FOR:

**MADSEN, KURT RANDALL**

CHARGED WITH:   **FUGITIVE F/JUSTICE**

AFFIANT'S SIGNATURE:

X

SUBSCRIBED AND SWORN TO BEFORE ME THIS

30TH   DAY OF   JULY 2014

_Lauren Cockburn 7.30.2014_
ASSISTANT UNITED STATES ATTORNEY

(JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Announced Egroy, MPD-70, 1999

2-1546 wd-382

## **EXHIBIT D**

---

*Inmate Record*

---

## 345102 - MADSEN, KURT

| | |
|---|---|
| **Institution:** | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2014-14230 |
| **PDID Number:** | 684152 |
| **Social Security #:** | |
| **US Marshal #:** | N/A |
| **# Total Bookings:** | 1 Booking History |
| **Commitment Date:** | 09/15/2014 |
| **Release Date:** | 09/29/2014 |
| **Release Type:** | FUGITIVE WAIVER |
| **In Custody Of:** | OTHER |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |



---

### Personal Data

| | | | | |
|---|---|---|---|---|
| **Sex:** | MALE | **Race:** | WHITE | |
| **Birth Date:** | | **Ethnicity:** | OTHER | |
| **Birth Place:** | WA | **Education:** | 11 | |
| | | **Occupation:** | PIPE LAYER | |
| **Hair:** | N/A | | | |
| **Eyes:** | GREEN | **Address:** | 1355 NEW YORK AVENUE N.E. | |
| **Weight:** | 185 | | WASHINGTON, DC 20002 | |
| **Height:** | 5' 10" | | | |

| **Aliases:** | (No Alias SSN's) | (No Alias Names) |
|---|---|---|

---

### Charges

**Charge: 22DC701 - Fugitive from Justice**

| | | | |
|---|---|---|---|
| **Case#:** | 2014 FUG 016322 | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 09/15/2014 | **Date Sentenced:** | N/A |
| **Date Charged:** | 09/15/2014 | **VVCC:** | $ N/A |
| **Count:** | N/A | **Bond Amount:** | $ N/A |
| **Disposition:** | G - COURT ORDERED DISMISSAL/RELEASE | **Bond Type:** | N/A |

---

### Bonds

| | | | |
|---|---|---|---|
| **Bond Type:** | NO BOND PERMITTED (UNBONDABLE) | **Bond Status:** | D |
| **Original Amount:** | $0 | **Date Set:** | 09/20/2014 |
| **Bond Percent:** | 0 % | **Date Posted:** | N/A |
| **Comment:** | 2014 fug 016322 | | |

---

## Detainers

(No Detainer History)

## Transfer History

| | Date/Time | Institution |
|---|---|---|
| **From:** | 9/15/2014 7:58:34 PM | INITIAL |
| **To:** | 9/15/2014 7:58:34 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **From:** | 9/29/2014 6:31:10 AM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| **To:** | 9/29/2014 6:31:10 AM | RELEASE |

## Booking History

| Booking# | Committment Date | Release Date | |
|---|---|---|---|
| 2014-14230 | 09/15/2014 | 09/29/2014 | <<<---Displayed Above |
| **2014-14103** | 09/13/2014 | 09/15/2014 | |
| **2014-11991** | 07/30/2014 | 08/27/2014 | |

*The Washington, DC Department of Corrections updates this information regularly. Therefore, information on this site may not reflect the current location, status, release date or other information regarding an inmate.*

*For additional information, please contact the DC Department of Corrections*

### *Inmate Record*

## 345102 - MADSEN, KURT

| | |
|---|---|
| **Institution:** | 90 - CENTRAL CELL BLOCK |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2014-14103 |
| **PDID Number:** | 684152 |
| **Social Security #:** | ▆▆▆▆▆ |
| **US Marshal #:** | N/A |
| **# Total Bookings:** | 1 Booking History |
| **Commitment Date:** | 09/13/2014 |
| **Release Date:** | 09/15/2014 |
| **Release Type:** | POSTING ERROR |
| **In Custody Of:** | 99 |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |



---

## Personal Data

| | | | | |
|---|---|---|---|---|
| **Sex:** | MALE | | **Race:** | WHITE |
| **Birth Date:** | ▆▆▆▆▆ | | **Ethnicity:** | OTHER |
| **Birth Place:** | WA | | **Education:** | 11 |
| | | | **Occupation:** | NONE |
| **Hair:** | N/A | | | |
| **Eyes:** | GREEN | | **Address:** | 1355 NEW YORK AVENUE N.E. |
| **Weight:** | 185 | | | WASHINGTON, DC 20002 |
| **Height:** | 5' 10" | | | |

| **Aliases:** | (No Alias SSN's) | (No Alias Names) |
|---|---|---|

---

## Charges

(No Charge History)

---

## Bonds

(No Bond Information)

---

## Detainers

(No Detainer History)

---

## Transfer History

|       | Date/Time              | Institution             |
|-------|------------------------|-------------------------|
| From: | 9/13/2014 7:16:30 PM   | INITIAL                 |
| To:   | 9/13/2014 7:16:30 PM   | 90 - CENTRAL CELL BLOCK |
|       |                        |                         |
| From: | 9/15/2014 7:48:04 PM   | 90 - CENTRAL CELL BLOCK |
| To:   | 9/15/2014 7:48:04 PM   | RELEASE                 |

## Booking History

| Booking#   | Committment Date | Release Date |                      |
|------------|------------------|--------------|----------------------|
| 2014-14230 | 09/15/2014       | 09/29/2014   |                      |
| 2014-14103 | 09/13/2014       | 09/15/2014   | <<<----Displayed Above |
| 2014-11991 | 07/30/2014       | 08/27/2014   |                      |

*The Washington, DC Department of Corrections updates this information regularly. Therefore, information on this site may not reflect the current location, status, release date or other information regarding an inmate.*

*For additional information, please contact the DC Department of Corrections*

### Inmate Record

## 345102 - MADSEN, KURT

| | |
|---|---|
| **Institution:** | 78 - MEDICAL HOLDING UNIT (MHU) |
| **Current Location:** | RELEASED |
| **Record Status:** | INACTIVE |
| **Booking Number:** | 2014-11991 |
| **PDID Number:** | 684152 |
| **Social Security #:** | ▓▓▓▓▓ |
| **US Marshal #:** | N/A |
| **# Total Bookings:** | 1 Booking History |
| **Commitment Date:** | 07/30/2014 |
| **Release Date:** | 08/27/2014 |
| **Release Type:** | COURT ORDERED RELEASE - MHU |
| **In Custody Of:** | SELF |
| **Parole Elig. Date:** | N/A |
| **Short Term Date:** | N/A |
| **Full Term Date:** | N/A |



---

### Personal Data

| | | | | |
|---|---|---|---|---|
| **Sex:** | MALE | **Race:** | WHITE | |
| **Birth Date:** | ▓▓▓▓▓ | **Ethnicity:** | OTHER | |
| **Birth Place:** | WA | **Education:** | 11 | |
| | | **Occupation:** | NONE | |
| **Hair:** | N/A | | | |
| **Eyes:** | GREEN | **Address:** | 1355 NEW YORK AVENUE N.E. | |
| **Weight:** | 185 | | WASHINGTON, DC 20002 | |
| **Height:** | 5' 10" | | | |
| **Aliases:** | (No Alias SSN's) | (No Alias Names) | | |

---

### Charges

**Charge: 3211010A0 - Fugitive From Justice**

| | | | |
|---|---|---|---|
| **Case#:** | 2014 FUG 013314 | **Min Sentence:** | |
| **Court:** | SUPERIOR COURT | **Max Sentence:** | |
| **Offense Date:** | 07/30/2014 | **Date Sentenced:** | N/A |
| **Date Charged:** | 07/30/2014 | **VVCC:** | $ N/A |
| **Count:** | N/A | **Bond Amount:** | $ N/A |
| **Disposition:** | G - COURT ORDERED DISMISSAL/RELEASE | **Bond Type:** | N/A |

---

### Bonds

| | | | |
|---|---|---|---|
| **Bond Type:** | CASH BOND | **Bond Status:** | R |
| **Original Amount:** | $5000 | **Date Set:** | 07/30/2014 |
| **Bond Percent:** | 0 % | **Date Posted:** | N/A |
| **Comment:** | 2014 FUG 013314 | | |

## Detainers

(No Detainer History)

## Transfer History

|  | Date/Time | Institution |
|---|---|---|
| From: | 7/30/2014 6:25:55 PM | INITIAL |
| To: | 7/30/2014 6:25:55 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
|  |  |  |
| From: | 8/27/2014 2:46:29 PM | 12 - CENTRAL DETENTION FACILITY (CDF) |
| To: | 8/27/2014 2:46:42 PM | 78 - MEDICAL HOLDING UNIT (MHU) |
|  |  |  |
| From: | 8/27/2014 2:47:00 PM | 78 - MEDICAL HOLDING UNIT (MHU) |
| To: | 8/27/2014 2:47:00 PM | RELEASE |

## Booking History

| Booking# | Committment Date | Release Date | |
|---|---|---|---|
| **2014-14230** | 09/15/2014 | 09/29/2014 | |
| **2014-14103** | 09/13/2014 | 09/15/2014 | |
| 2014-11991 | 07/30/2014 | 08/27/2014 | <<<----Displayed Above |

*The Washington, DC Department of Corrections updates this information regularly. Therefore, information on this site may not reflect the current location, status, release date or other information regarding an inmate.*

*For additional information, please contact the DC Department of Corrections*

# <u>EXHIBIT E</u>



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

UNITED STATES
DISTRICT OF COLUMBIA

Case No: 2014 FUG 013314

PDID: 684152

vs.

DCDC#:

KURT MADSEN

## RELEASE ORDER

TO: Superintendent, D.C. Jail

It is HEREBY ORDERED that the defendant be released from custody in this case.

_____
Carla Cipolari, DEPUTY CLERK

_____
Chief Judge Lee F. Satterfield

Date: August 27, 2014

# RELEASE

Received by DUSM: _M Ardle_  Badge#: _4423_  Signature: _____  Date: _8/27/14_ Time: _1136_
              Printed Name

Case: 2014 FUG 013314

# **EXHIBIT F**

Saturday November 1st 2014
**Welcome to MyJUSTIS, Berthrong Sherri**

| INQUIRY HOME | INVESTIGATION | MYJUSTIS | PARTIES/SENTENCING | DISPOSITION | DOCKET/DOCUMENTS | | |

**2014 FUG 016322   United States Vs. MADSEN, KURT**

**SEARCH CRITERIA**

Docket Entry: [＿＿＿＿＿] [LOOKUP]     Begin Date: [＿＿＿＿＿] (mm/dd/yyyy)

End Date: [＿＿＿＿＿] (mm/dd/yyyy)

[ SEARCH ] [ CLEAR ]

**SEARCH RESULTS**

View all dockets

| Docket Date | Docket Code | Description | Amount Owed | Amount Paid | Docket Images |
|---|---|---|---|---|---|
| 09/30/2014 | CTCRM - Case Transferred to Another Judge | Case Transferred to Another Judge The judge was changed from SATTERFIELD, LEE F to HOWZE, KAREN | $0.00 | $0.00 | |
| 09/30/2014 | CPUCRM - Case Disposed Deft. Picked Up | Case Disposed Deft. Picked Up | $0.00 | $0.00 | |
| 09/30/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: The following event: Status Hearing scheduled for 09/30/2014 at 1:00 pm has been resulted as follows: Result: Defendant Returned to Demanding State Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |
| 09/24/2014 | ESCRM - Event Scheduled | Event Scheduled The following event: Status Hearing scheduled for 09/25/2014 at 1:00 pm has been rescheduled as follows: Event: Status Hearing Date: 09/30/2014 Time: 1:00 pm Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |
| 09/24/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: The following event: Status Hearing scheduled for 09/25/2014 at 1:00 pm has been resulted as follows: Result: Hearing Vacated Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |
| 09/24/2014 | CRMOGM - Order Granting Motion Entered on the Docket | Order Granting Motion Entered on the Docket 9/24/2014. Order GRANTING government's motion to extend time signed in chambers by Chief Judge Satterfield on September 24, 2014. Copies emailed to parties. LAA | $0.00 | $0.00 |  |
| 09/23/2014 | MEXTFCRM - Motion to Extend Filed: | Motion to Extend Filed: Government's Motion for Extension of Time filed and forwarded to Chief Judge Satterfield. Attorney: LITTLE, Mr ROBERT C (386818) | $0.00 | $0.00 | |
| 09/20/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Status Hearing Date: 09/25/2014 Time: 1:00 pm Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |
| 09/20/2014 | EXWCRM - Extradition Waived | Extradition Waived | $0.00 | $0.00 | |
| 09/20/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: Defendant requested an Extradition on 9/15/14 but appeared in C-10 on 9/20/14 and Waived Extradition The following event: Status Hearing scheduled for 09/20/2014 at 1:00 pm has been resulted as follows: Result: Hearing Held Judge: BARTNOFF, JUDITH Location: Courtroom C-10 KURT MADSEN (Defendant (Criminal)); ; Mr ABRAHAM C BLITZER (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge JUDITH BARTNOFF on behalf of Judge LEE F SATTERFIELD | $0.00 | $0.00 | |

< Prev  Next >

CLICK HERE TO PROVIDE FEEDBACK

Content Provided by:

Email JUSTIS Help Desk or Call JUSTIS Help Desk (202) 442 - 4967.
All information provided is for authorized JUSTIS users only. This information is provided in response to the JUSTIS user's request and is to be used exclusively by the requestor in the performance of their criminal justice responsibilities only. Secondary dissemination is strictly prohibited. Although the information may continue to be valid over a period of time it should be considered complete and accurate only on the date of response.
© 2009 Washington D.C Justice Network. All rights reserved.

Saturday November 1st 2014
**Welcome to MyJUSTIS, Berthrong Sherri**

| | IDENTIFICATION | | PARTIES/SENTENCING | DISPOSITION | DOCKET/DOCUMENTS | | |

| **2014 FUG 016322**  United States Vs. MADSEN, KURT |
| **SEARCH CRITERIA** |

Docket Entry: [          ]  ·LOOKUP·    Begin Date: [          ] (mm/dd/yyyy)

End Date: [          ] (mm/dd/yyyy)

·SEARCH·  CLEAR

| **SEARCH RESULTS** |

View all dockets

| Docket Date | Docket Code | Description | Amount Owed | Amount Paid | Docket Images |
|---|---|---|---|---|---|
| 09/20/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: Defendant opted to Waive Extradition The following event: Extradition Hearing scheduled for 10/15/2014 at 11:00 am has been resulted as follows: Result: Hearing Vacated Judge: SATTERFIELD, LEE F Location: Courtroom 315 KURT MADSEN (Defendant (Criminal)); ; Mr ABRAHAM C BLITZER (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge JUDITH BARTNOFF on behalf of Judge LEE F SATTERFIELD | $0.00 | $0.00 | |
| 09/19/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Status Hearing Date: 09/20/2014 Time: 1:00 pm Judge: BARTNOFF, JUDITH Location: Courtroom C-10 | $0.00 | $0.00 | |
| 09/15/2014 | RELCONCRM - Release Conditions | Release Conditions ($7000.00 CASH BOND) | $0.00 | $0.00 | |
| 09/15/2014 | COMMCRM - Commitment Pending Disposition Filed | Commitment Pending Disposition Filed | $0.00 | $0.00 | |
| 09/15/2014 | CRMER - Event Resulted - Release Status: | Event Resulted - Release Status: $7,000.00 CASH BOND - COME UP ISSUED The following event: Arraignment scheduled for 09/15/2014 at 1:00 pm has been resulted as follows: defendant did not waive extradition - extradition hearing set Result: Hearing Held Judge: HOWZE, KAREN Location: Courtroom C-10 KURT MADSEN (Defendant (Criminal)); ; Mr ABRAHAM C BLITZER (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge KAREN HOWZE on behalf of Judge | $0.00 | $0.00 | |
| 09/15/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Extradition Hearing Date: 10/15/2014 Time: 11:00 am Judge: SATTERFIELD, LEE F Location: Courtroom 315 | $0.00 | $0.00 | |
| 09/15/2014 | CJANELCRM - CJA Eligibility - Not Eligible | CJA Eligibility - Not Eligible | $0.00 | $0.00 | |
| 09/15/2014 | AEACRM - Attorney Appointed/Dismissed | Attorney Appointed/ Attorney BLITZER, Mr ABRAHAM C representing Defendant (Criminal) MADSEN, KURT as of 09/15/2014 KURT MADSEN (Defendant (Criminal)); ; Mr ABRAHAM C BLITZER (Attorney) on behalf of KURT MADSEN (Defendant (Criminal)); Judge KAREN HOWZE on behalf of Judge | $0.00 | $0.00 | |
| 09/15/2014 | CSFCRM - Charge Filed | Charge Filed Charge #1: Fugitive from Justice | $0.00 | $0.00 | |
| 09/15/2014 | ESCRM - Event Scheduled | Event Scheduled Event: Arraignment Date: 09/15/2014 Time: 1:00 pm Judge: HOWZE, KAREN Location: Courtroom C-10 | $0.00 | $0.00 | |

< Prev  Next >

JUSTICE INFORMATION SYSTEM FOR THE DISTRICT OF COLUMBIA      CLICK HERE TO PROVIDE FEEDBACK

Content Provided by:



Email JUSTIS Help Desk or Call JUSTIS Help Desk (202) 442 - 4967.

All information provided is for authorized JUSTIS users only. This information is provided in response to the JUSTIS user's request and is to be used exclusively by the requestor in the performance of their criminal justice responsibilities only. Secondary dissemination is strictly prohibited. Although the information may continue to be valid over a period of time it should be considered complete and accurate only on the date of response.

© 2009 Washington D.C Justice Network. All rights reserved.

**EXHIBIT G**

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
## COMPLAINT

No. _____L/U#10_____

᠐ᙢ ᖴᥱ᠘᥆ 16322

District of Columbia ss:

The undersigned having made oath before me declared that on the ___15^TH___ day of

**SEPTEMBER** _____ ,A.D. **2014** ____ at the District aforesaid, one

**MADSEN, KURT RANDALL** _____

being then and there a fugitive from the state of **WASHINGTON** and wanted for .........

**ESCAPE SEE MIS- ESC COMMUNITY CUSTOD**
_____

did then and there come into the District of Columbia, in violation of Title 23 Section 701 of the
District of Columbia Code.

_____
Affiant's Name:

Subscribed and sworn to before me this  15TH        day of      **SEPTEMBER**      ,A.D. **20 14**

_____
(Judge) (Deputy Clerk)
**Superior Court of the District of Columbia**

WARRANT

To The United States Marshal or any other authorized federal officer or the Chief of Police of the District
of Columbia:

WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have
been submitted, and there appearing probable cause and reasonable grounds for the issuance of an
arrest warrant for

YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID
COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041 forthwith to answer said charge.

Issued _____ ,20-------- .

SEX:  **MALE**
DOB: _____
CCR: _____
**PDID:** __**684-152**_____

Judge _____
**Superior Court of the District of Columbia.**

Charge:  Fugitive From Justice U029
Date of Offense  06/16/2014

OFC. DEREK PENNINGTON
Badge No.:  4243

Form CD(17)-1057/May 81
Previous editions (W-S) may be used.

OFFICER MUST EXECUTE RETURN:
Officer's Name: _____

Time: _____
Date: _____

81-P7468

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

#10

#### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

| | | |
|---|---|---|
| USW NO.: | | |
| 2014 FUG16822 | | |

| DEFENDANT'S NAME: | | | | | CCR: | | PDID: |
|---|---|---|---|---|---|---|---|
| MADSEN, KURT RANDALL | | | | | | | 684-152 |

| SEX: | RACE: | D.O.B.: | HEIGHT: | WEIGHT: | EYES: | HAIR: | COMPLEXION: |
|---|---|---|---|---|---|---|---|
| M | W | ▆▆▆▆ | 5'10 | 180 | BLUE | BRO | MED |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 1355 NEW YORK AVE NE | |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| UNKNOWN | UNKNOWN |

| COMPLAINANT'S NAME: |
|---|
| METROPOLITAN POLICE DEPARTMENT (FUGITIVE UNIT) |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| STATE OF WASHINGTON | 06/16/2014 | UNKNOWN |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The Metropolitan Police Department's Fugitive Unit received an NCIC Hit indicating that the Defendant MADSEN, KURT RANDALL has an outstanding arrest warrant by WASHINGTON DOC HEADQUARTERS. The warrant is charging the Defendant with "ESCAPE SEE MIS- ESC COMMUNITY CUSTOD". The date of the warrant is JUNE 16, 2014. The Defendant is a Fugitive from the State of WASHINGTON.

On SEPTEMBER 15, 2014, the warrant was confirmed by Ms. LAURA KILLINGSWORTH of the WASHINGTON DOC HEADQUARTERS. On SEPTEMBER 15, 2014, the warrant was also verified by Officer Derek Pennington of the Metropolitan Police Department Fugitive Unit, through MPD Teletype Unit Response Confirmation from WASHINGTON DOC HEADQUARTERS, advising that the warrant is active, and the State of WASHINGTON will extradite the Defendant.

A photo identification of the defendant was received from the Metropolitan Police Department's Automated Fingerprint Identification System.

The Defendant was arrested in the District of Columbia on SEPTEMBER 13, 2014, at 1553 hours. This case will be presented to the USAO for review on SEPTEMBER 15, 2014.

| TO: WARRANT CLERK | AFFIANT'S SIGNATURE: |
|---|---|
| PLEASE ISSUE A WARRANT FOR: | X _____ |
| MADSEN, KURT RANDALL | SUBSCRIBED AND SWORN TO BEFORE ME THIS |
| CHARGED WITH: FUGITIVE F/JUSTICE | 15TH DAY OF SEPT 2014 |
| _____ 9.15.14 | _____ |
| ASSISTANT UNITED STATES ATTORNEY | (JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA |

2-1546 wd-382

# **EXHIBIT H**



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| UNITED STATES | *Jail* | 2014 FUG 016322 |
| VS | | PDID#: 684152 |
| KURT MADSEN | | DCDC#: |

## ORDER FOR RETURN OF FUGITIVE UPON WAIVER

KURT MADSEN, having appeared with Counsel in open Court on September 20, 2014,
and having waived further proceedings pursuant to law and indicated his/her desire to
return voluntarily to the State of WASHINGTON, is hereby **ORDERED** detained at the
District of Columbia Jail pending return to the State of WASHINGTON in the custody
of the proper officials of that state; and it is **FURTHER ORDERED** that if KURT
MADSEN has not been surrendered to the custody of a proper official of the State of
WASHINGTON by **September 24, 2014** (3 days, not including Saturdays,
Sundays or holidays), KURT MADSEN shall be returned **FORTHWITH** to this Court
for such further proceedings as the Court shall deem appropriate.

**DATE:** September 20, 2014

**JUDGE JUDITH BARTNOFF**

**RETURN**

OFFICIAL:

NAME AND TITLE

ADDRESS

Received by US Marshal: _____ Date: _____ Time: _____

Cdofrof.doc

**ATTACHMENT 2**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KURT MADSEN,                            )
                                        )
                Petitioner,             )
                                        )
        v.                              )        Civil Action No. 14-1716 (RMC)
                                        )
WILLIAM SMITH,                          )
                                        )
                Respondent.             )
_____ )

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Order Directing Respondent to Show Cause [Dkt. 3] is

**DISCHARGED**; it is further

**ORDERED** that the United States' Motion to Dismiss Petitioner's Petition for a

Writ of Habeas Corpus [Dkt. 8] is **GRANTED** as conceded; it is further

**ORDERED** that the Petition for a Writ of Habeas Corpus [Dkt. 1] is **DENIED**; it

is further

**ORDERED** that this civil action is **DISMISSED** without prejudice; and it is

further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Kurt

Madsen, c/o Bread of Life Mission, 97 South Main Street, Seattle, Washington, 98104.


Date:  February 20, 2015                _____/s/_____
                                        ROSEMARY M. COLLYER
                                        United States District Judge

**ATTACHMENT 3**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KURT MADSEN,                            )
                                        )
            Petitioner,                 )
                                        )
      v.                                )        Civil Action No. 14-1716 (RMC)
                                        )
WILLIAM SMITH,                          )
                                        )
            Respondent.                 )
_____ )

## <u>MEMORANDUM OPINION</u>

On December 10, 2014, the United States of America, by counsel, filed a motion

to dismiss the petition for a writ of habeas corpus [Dkt. 8].  In its January 5, 2015 Order, the Court

advised Petitioner of his obligations under the Federal Rules of Civil Procedure and the local rules

of this Court to respond to the motion.   Specifically, the Order warned Petitioner that, if he failed

to file an opposition or other response to the motion by February 6, 2015, the Court would treat

the motion as conceded, summarily deny the petition and dismiss the case.  To date, Petitioner has

not filed an opposition, requested more time to file an opposition, or advised the Court of any

change of address.  The Court, therefore, will grant Respondent's motion as conceded and will

dismiss the case without prejudice.

An Order is issued separately.


Date:  February 20, 2015              _____/s/_____
                                       ROSEMARY M. COLLYER
                                       United States District Judge

**ATTACHMENT 4**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

KURT MADSEN,                            )
                                        )
              Petitioner,               )
                                        )
       v.                               )      Civil Action No. 14-1716 (RMC)
                                        )
WILLIAM SMITH,                          )
                                        )
              Respondent.               )
_____ )

## MEMORANDUM AND ORDER

On December 10, 2014, the respondent filed a motion to dismiss the petitioner's petition for a writ of habeas corpus. The respondent argued that the petitioner had been arrested in the District of Columbia on a fugitive charge that had been resolved, and that petitioner's challenge to the legality of his State-court conviction should be dismissed or transferred. Notwithstanding the Court's January 5, 2015 Order advising the petitioner of the consequences if he failed to file a response to the motion by February 5, 2015, the petitioner did not file an opposition or a request for additional time to do so. On February 20, 2015, the Court denied the petition for a writ of habeas corpus and dismissed this action without prejudice. *See Madsen v. Smith*, No. 14-1716, 2015 WL 739511 (D.D.C. Feb. 20, 2015).

Now before the Court is petitioner's Motion for Reconsideration and Withdraw [sic] of Dismissal, Affidavit, Request for Service of USA, and Change of Address. The Court treats the

1

petitioner's motion as one to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure and to reopen this case.[1]

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted). None of these circumstances is evident, and the petitioner's motion merely recounts petitioner's arrest, detention at the D.C. Jail, extradition to the State of Washington, and proceedings in the Washington courts.

Insofar as petitioner brings this habeas action under 28 U.S.C. § 2241, he may not proceed in this forum. This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and neither the petitioner nor his current custodian is located in the District of Columbia. Furthermore, because the petitioner has been returned to the State of Washington, any matter pertaining to his custody in the District of Columbia is moot.

Accordingly, it is hereby

**ORDERED** that the petitioner's motion for reconsideration, as well as his requests to reopen this action and to serve the respondent, are **DENIED**.

---

[1]  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The petitioner signed his motion for reconsideration on March 20, 2015, or 28 days after entry of the February 20, 2015 Order. The Court therefore treats the motion as if it were filed on March 20, 2015.

**SO ORDERED**.


Date: May 7, 2015                                    _____/s/_____
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge